## STATE *vs.* ALBERT HARRIS.

1. TRESPASS—OPERATING AUTOMOBILE WITHOUT CONSENT OF OWNER PUNISHABLE, REGARDLESS OF INTENT.

    In a prosecution under *Rev. Code* 1915, § 3583, for operating a motor vehicle without the consent of the owner or the person having it in charge, the intent of defendant is immaterial; and, if he operated the car without such consent, he is guilty, regardless of his purpose.

2. TRESPASS—OPERATING AUTOMOBILE WITHOUT EXPRESS "CONSENT" OF OWNER PUNISHABLE.

    In a prosecution under *Rev. Code* 1915, § 3583, for operating a motor vehicle without the consent of the owner or person having charge thereof, it is immaterial that defendant was previously allowed to operate the vehicle on several occasions, consent within the statute meaning the express sanction

on the part of the owner or the person in charge of the vehicle that another shall operate it.

(<em>April</em> 20, 1921).

BOYCE, J., sitting.

*Earle D. Willey*, Dep. Atty-Gen., for the State.

*John D. Hawkins* for accused.

Court of General Sessions for Kent County, April Term, 1921.

INDICTMENT No. 14, April Term, 1921.

Albert Harris was indicted for operating a motor vehicle of another without the consent of the owner or of the person having the motor vehicle in charge, against the statute. *Rev. Code* 1915, § 3583. Verdict guilty.

BOYCE, J., charged the jury in part:

This indicrment alleges that Albert Harris, did, on the 16th day of April, of the present year, in East Dover hundred, in this county, unlawfully take and operate the motor vehicle, to wit, an automobile, belonging to Irma Gibbs, of East Dover hundred in this county, without the consent of the owner, and without the consent of Benjamin Gibbs, of East Dover hundred, who was then and there in charge of the said motor vehicle.

The indictment is found under *section* 3583, *Rev. Code* 1915, which provides that whoever shall take and operate the motor vehicle of another without the consent of the owner thereof, or the person having the same in charge, shall be guilty of a misdemeanor.

[1, 2] The sole question for your determination is whether or not, Albert Harris did, as charged in the indictment, take and operate, on or about the time laid in the indictment, a certain motor vehicle, the property of Irma Gibbs, the same being in the possession of Benjamin Gibbs, without the consent of the owner, or of her father, Benjamin Gibbs. If you find he did, he violated the statute, regardless of the purpose he had in using the automobile. The fact that the accused had been permitted, or allowed, at times, to drive the automobile to the railroad station to meet

some member of the family, did not give the consent of the owner, or person in charge of the car, to drive it at other times to other places. Consent within the meaning of the statute implies authority to drive another's car. It requires the saction on the part of the owner, or person in charge of the car, to another to drive it.

Verdict guilty.